NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ELISJAH TJONDROWALUYO and VINSENSIUS BLANTERAN ROSARI,<br><br>Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    13-74309<br><br>Agency Nos.    A096-169-517<br>                         A096-169-518<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2017[**]
Pasadena, California

Before:  GRABER, SACK,[***] and MURGUIA, Circuit Judges.

This petition for review arises from an immigration proceeding involving

Elisjah Tjondrowaluyo and Vinsensius Blanteran Rosari, a married couple who are

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert D. Sack, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

natives and citizens of Indonesia. Rosari's claims are derivative of his wife's claims. Tjondrowaluyo is Christian and of Chinese ethnicity. She applied for asylum, withholding of removal, and relief under the Convention against Torture (CAT). On remand from this court, the Board of Immigration Appeals (BIA) concluded that Tjondrowaluyo had waived her asylum claim by not bringing it within one year of her arrival in the United States. The BIA denied Tjondrowaluyo's CAT and withholding of removal claims on the ground that Tjondrowaluyo had not shown an individualized risk of persecution. Tjondrowaluyo timely petitioned for review of only her withholding of removal claim. "We review the agency's legal determinations de novo, and factual findings for substantial evidence." *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

1. The BIA had substantial evidence to conclude that country conditions for Chinese Christians in Indonesia have improved in the last 10 years. Tjondrowaluyo's challenge on country conditions relies entirely on materials submitted for the first time to us that were not before the IJ or the BIA. We "shall decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). The panel cannot take judicial notice of or otherwise consider evidence that the petitioner did not submit to the BIA. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

2. Substantial evidence supports the BIA's determination that Tjondrowaluyo failed to establish a sufficiently individualized risk of harm under a disfavored group analysis. Tjondrowaluyo had the burden to prove individualized risk. *See Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004); 8 C.F.R. § 1208.16(b); *see also Wakkary*, 558 F.3d at 1065 (applying disfavored group analysis to claims for withholding of removal). We look to whether Tjondrowaluyo "adduced enough evidence of individual risk, in combination with enough evidence that the ethnic and religious group to which [s]he belongs is disfavored in Indonesia, to make out a clear probability of persecution upon return." *Wakkary*, 558 F.3d at 1067. Tjondrowaluyo had to show more evidence of risk than the petitioner did in *Sael*, 386 F.3d at 927, because Tjondrowaluyo is seeking withholding of removal, not asylum, and because the groups to which Tjondrowaluyo belongs today face less severe treatment than they did in the past. *Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant . . . , assuming their disfavored group evidence is of equal severity and pervasiveness, because the ultimate bar for withholding is higher than the bar for asylum.").

Tjondrowaluyo testified to harassment and violence inflicted toward her personally: a molestation, an attack and beating of her and her parents, and an

attempted rape, all accompanied by references to her Chinese ethnicity. Her testimony provided some evidence of an individualized threat. But Tjondrowaluyo offers no argument to us about how those past experiences meet the specific burden to show individualized future risk. "Arguments made in passing and inadequately briefed are waived." *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009). Because Tjondrowaluyo fails to offer any real argument to satisfy her specific, high burden, Tjondrowaluyo is not eligible for withholding under a disfavored group analysis.

3. Tjondrowaluyo also argues that the BIA failed to assess the combined effect of the harms she experienced when determining that her past suffering did not rise to the level of persecution. But to have shown past persecution, Tjondrowaluyo also must have established that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Tjondrowaluyo offers no argument to show how she met her burden on that element of past persecution, and her challenge therefore fails.

**Petition DENIED**.